UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATRELL S. GERMANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-748-ZMB |
| ) | |
| DAS ACQUISITION COMPANY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a litany of motions, including Defendants DAS Acquisition Company, LLC and U.S. Bank National Association's motions to dismiss. Docs. 40, 47. Because Germany fails to state a valid federal cause of action against those Defendants or unserved Defendant CSM Foreclosure Trustee Corp., the Court lacks subject matter jurisdiction over this case. As a result, the Court grants dismissal and denies all other pending motions as moot.

## **BACKGROUND**

This case is at least the second time Germany has sued Defendants for alleged misdeeds related to her mortgage agreement. *See Germany v. US Bank*, No. 4:25-CV-405-HEA ("*Germany I*"). The Court previously summarized the factual background of this dispute and will not repeat it here. *Germany I*, Doc. 10 at 1–3. In that same order, the Court held that it lacked subject-matter jurisdiction to hear Germany's case. *Id.* at 4. First, the Court determined that "two of the defendants are citizens of the State of Missouri; thus, this Court lacks diversity jurisdiction."[1] *Id.* As such,

---

[1] While it appears that DAS Acquisition and U.S. Bank are not domiciled in Missouri, *see* Docs. 43, 49, CSM Foreclosure still destroys complete diversity, as it shares Germany's Missouri citizenship, Doc. 1-1 ¶ 5 ("CSM Foreclosure . . . is incorporated under the law of the State of Missouri."); *see also Germany I*, Doc. 10 at 3 (finding Germany "unable to establish diversity jurisdiction," in part, "because she admitted . . . she was a citizen of the State of Missouri and [that] CSM Foreclosure . . . [is] incorporated in the [same] State").

jurisdiction depended on the presence of a federal question. *Id.* But the Court also found that Germany's two federal causes of action—under the Truth in Lending Act (TILA) and Federal Debt Collection Practices Act—failed to state a claim. *Id.* Accordingly, the Court dismissed the case. *Germany I*, Doc. 11.

Rather than appealing that decision, Germany filed the instant lawsuit. She now attempts to supplement her prior TILA claim against Defendants with new "facts," including that the mortgage contract was entered into on February 23, 2023, and that Defendants "failed to fully disclose the mortgage contract terms." Doc. 1-1 ¶¶ 9, 13. Further, Germany adds a claim against U.S. Bank for "knowingly report[ing] false and excessive information on Plaintiff's credit report, causing financial harm," in violation of the Fair Credit Reproting Act (FCRA). *Id.* ¶ 19.

Unlike her last lawsuit, Germany opted not to proceed in forma pauperis and instead paid an initial filing fee.[2] Doc. 13 at 1. The Court informed Germany that she was "responsible for [timely] serving process on all defendants . . . and that the failure to timely effect service will result in dismissal." *Id.* at 4–5. Despite her attempts, *see* Docs. 33–36, she never properly effected service. But DAS Acquisition and U.S. Bank appeared on their own accord and moved to dismiss for failure to state a claim. *See* Docs. 40, 47. As relevant here, both Defendants contend that Germany fails to assert a proper TILA cause of action, as that claim is both insufficiently pled and time barred. *See* Doc. 41 at 4–6; Doc. 48 at 7–8. Similarly, U.S. Bank claims that Germany's FCRA claim fails because the Complaint makes only a "conclusory allegation without any factual enhancement" and fails to plead notice, which is required to trigger any duty under the FCRA.

---

[2] Germany has since moved for the return of her filing fee because she paid it with borrowed funds. *See* Doc. 15 at 2. While the Court takes seriously claims of financial hardship, Germany cites no authority allowing for the reimbursement of a filing fee. As such, the Court denies her request. *See Finan v. Access Care Gen.*, No. 4:21-CV-361-RLW, 2022 WL 14805545, at *2 (E.D. Mo. Oct. 26, 2022) (denying request to return filing fee due to lack of authority).

Doc. 48 at 9–10. Germany responded to the motions to dismiss, Docs. 45, 51, 58, and the matter is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and provide notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion to dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). But the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-

3

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

It is well settled that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Rivera v. Bank of Am.*, 993 F.3d 1046, 1050 (8th Cir. 2021) (quotation omitted). On a motion to dismiss, "the district court should construe [such] complaint[s] in a way that permits the layperson's claim to be considered within the proper legal framework" so long as "the essence of an allegation is discernible." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted). Thus, even under the forgiving standard for pro se filings, the Court will not "assume facts not alleged" or "excuse the *pro se* litigant from following the Court's local rules or the Federal Rules of Civil Procedure." *Whitlock v. St. Louis Cnty.*, No. 4:21-CV-516-SEP, 2022 WL 3700915, at *2 (E.D. Mo. Aug. 26, 2022) (citations omitted).

## DISCUSSION

Germany invokes a variety of statutory and other authority in her Complaint. However, she makes five discernable claims against the Defendants: (1) breach of contract; (2) fraudulent reporting under the FCRA; (3) wrongful foreclosure under Missouri law; (4) a TILA violation; and (5) a "failure to redress accounts and fiduciary duty violation." Doc. 1-1 at 8–9. Given the binding effect of the Court's order in *Germany I*, only the augmented TILA claim and the FCRA claims can give this Court jurisdiction. Neither of those claims are viable, however, so the Court must once again dismiss the case of lack of jurisdiction.

### I.     The Court's Ruling in *Germany I*

Before reaching Defendants' arguments for dismissal, the Court first addresses the effect of its prior order. As noted above, this is the second time Germany has attempted to bring claims against these Defendants relating to her mortgage dispute. The Court dismissed the previous case on jurisdictional grounds due to a lack of complete diversity and the absence of any viable federal question. *See Germany I*, Doc. 10. Although the parties have not raised the issue of preclusion (possibly because they never appeared in the prior case), this Court may raise the issue sua sponte. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte* . . . based on the avoidance of unnecessary judicial waste." (quotation omitted)). The Court previously determined that it lacked jurisdiction due to the absence of diversity amongst the parties or a viable federal claim.[3] *See Germany I*, Doc. 10 at 4. With minor exceptions noted below, Germany generally advances the same claims here. *Compare* Doc. 1-1, *with Germany I*, Doc. 1-1. The Court will not revisit rulings it has already made in this dispute between Germany and these Defendants.[4] Accordingly, the Court reincorporates its prior order and finds that the only basis of jurisdiction comes from Germany's new allegations concerning federal questions.

---

[3] Although preclusion typically requires a final judgment on the merits, jurisdictional findings have preclusive effect. *See Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1015 (8th Cir. 2002) ("[T]he relitigation exception may apply even if the merits of the case were never reached, provided that a critical issue concerning the case has been adjudicated properly."), *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court.").

[4] In any event, the Court would reach the same result with respect to the conclusory allegations in Germany's TILA claim and because she once again alleges CSM Foreclosure is a Missouri citizen. *See* Doc. 1-1 ¶ 5 ("The Defendant, CSM Foreclosure . . . is incorporated under the law of the State of Missouri.").

## II. Germany's New Federal Claims Still Lack Merit

In her Complaint,[5] Germany alleges only two cognizable[6] federal claims. The first is a TILA violation, and the second is a new claim under the FCRA. The Court will address each in turn.

Start with TILA. The Court previously found that Germany failed to raise a cognizable TILA claim. *See Germany I*, Doc. 10 at 4. The only new relevant fact she asserts is that U.S. Bank and DAS Acquisition "failed to fully disclose the mortgage contract terms." Doc. 1-1 ¶ 13; *see also id.* ¶ 12. She also specifies the date of the mortgage contract: February 23, 2023. *Id.* ¶ 9. As the Court previously concluded, and as U.S. Bank and DAS Acquisition now argue, these conclusory arguments do not state a claim. Germany fails to identify what contract terms were not disclosed, much less any other facts necessary to infer a cause of action. *See Loudermilk v. Rushmore & Mr. Cooper*, No. 4:24-CV-1360-MTS, 2025 WL 3280296, at *5 (E.D. Mo. Nov. 25, 2025) ("To state a claim under TILA a plaintiff must show that he did not receive required written disclosures, or that the disclosures were not clear and conspicuous." (citation omitted)). Further, DAS Acquisition and U.S. Bank are correct that Germany's claims are time barred. *See* Doc. 41 at 4–5; Doc. 48 at 7. The statute of limitations for a damages claim under TILA expired on

---

[5] In her responses, Germany attempts to defend her Complaint by inserting new facts. *See, e.g.*, Doc. 45 at 3 ("Plaintiff only received one letter and was not advised of the right to rescind or redress the contract."); Doc. 51 at 3 ("Plaintiff alleges U.S. Bank failed to provide clear and accurate disclosures of credit terms . . . [or] to disclose contract terms and account obligations."). However, a party cannot amend a complaint by raising new facts in a brief. *See Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation omitted)). To allow Germany to do so would defeat the Complaint's purpose in providing notice to the Defendants. Further, this Court previously explained to Germany the process for amending her Complaint when she first sought leave to amend and include new claims against the United States. *See* Doc. 13 at 4. But she neither filed an amended complaint as a matter of right, nor sought further leave to do so.

[6] Germany purports to have federal-question jurisdiction under various statutes, including the Real Estate Settlement Procedure Act, Equal Credit Opportunity Act, Gramm-Leach Bliley Act, and the "International Treaty Jurisdiction under the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP)." Doc. 1-1 at 6. But she fails to state any facts regarding these claims, including who they are against and why she is bringing them. But "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statement" are insufficient state a cause of action, *Iqbal*, 556 U.S. at 678, and "a plaintiff's mere reference to federal statutes or case law in a complaint is not sufficient to create a federal question," *Kauluwehi v. Quaker Window Prods. Co.*, No. 2:25-CV-04159-MDH, 2025 WL 3461561, at *1 (W.D. Mo. Dec. 2, 2025) (collecting cases). Germany's passing reference to these statutes do not create a cause of action against any Defendant and, therefore, cannot form the basis of federal-question jurisdiction.

February 23, 2024. *See* 15 U.S.C. § 1640(e). And despite Germany's argument that she has recission rights that extend for 3 years, *see* Doc. 58 at 2, recission of a residential mortgage contract is not an available remedy, *see* 15 U.S.C. § 1635(e)(1). Thus, Germany's attempts to correct the deficiencies in her TILA claim are insufficient, and the Court will once again dismiss the claim.

Germany also advances, for the first time, a cause of action against U.S. Bank under the FCRA. Doc. 1-1 ¶ 19. U.S. Bank argues that her "conclusory allegation without any factual enhancement is insufficient to state any claim pursuant to Rule 8," much less the "heightened pleading standard of Rule 9(b)." Doc. 48 at 9. Moreover, U.S. Bank notes that its duties "as a furnisher of credit information . . . are triggered only by notice that its information is being disputed from the credit reporting agency [("CRA")], not from the consumer." *Id.* at 10 (citations omitted). Germany responded by, once again, attempting to supplement the facts in her Complaint. *See* Doc. 51 at 4 ("Plaintiff alleges U.S. Bank closed her business account after full payment and engaged in obsessive reporting without notice. Additionally, Plaintiff was never informed of her right to opt-out of credit reporting . . . ."). Substantively, however, she does not respond to U.S. Bank's argument about failing to allege that she raised the dispute with a CRA.[7]

The new FCRA claim also fails. To state a claim under the FCRA, "a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation." *Echols v. Cavalry Portfolio Servs.*, No. 4:20-CV-1277-JAR 2021 WL 426255, at *2 (E.D. Mo.

---

[7] In fact, Germany seems to change the entire theory of her FCRA claim in her response. Originally, she alleged that U.S. Bank "knowingly reported false and excessive information" to a CRA. *See* Doc. 1-1 ¶ 19. However, she now suggests that U.S. Bank is liable under the FCRA for taking an "adverse action" by "closing her business account after full payment." Doc. 51 at 4. In any event, Germany still fails to explain what information was false, much less how it caused an adverse action. *See Babb v. Wilkie*, 589 U.S. 399, 409 (2020) (holding that, to state a cause of action under 15 U.S.C. § 1681m(a) of the FCRA, the adverse action must be "based . . . on any information contained in a consumer [credit] report . . . and thus the information in question must be a but-for cause of the adverse action").

Feb. 8, 2021). Germany's one-sentence allegation is nothing more than a conclusory statement, with no supporting facts to meet the above elements. *See* Doc. 1-1 ¶ ("Defendant [U.S.] Bank knowingly reported false and excessive information on Plaintiff's credit report, causing financial harm."). She does not say, for example, what information was false or how she disputed it. Moreover, even if the Court considered her new allegations, none of them state that a CRA told U.S. Bank of a dispute, as required. *See Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011) ("[T]he duties of . . . a furnisher of credit information under 15 U.S.C. § 1681s–2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer." (citations omitted)). As such, Germany has failed to allege a cause of action against U.S. Bank, and dismissal is warranted.

### III.     Dismissal with Prejudice and the Unserved Defendant

U.S. Bank and DAS Acquisition also seek dismissal with prejudice. The Eighth Circuit generally disfavors dismissing complaints under Rule 12(b)(6) with prejudice. *See Finnegan v. Suntrust Mortg.*, 140 F. Supp. 3d 819, 832 (D. Minn. 2015). Germany alludes to that argument as well. *See* Doc. 58 at 2. ("Courts routinely allow amendments to cure pleading deficiencies rather than dismiss with prejudice." (citation omitted)). However, when a claim is clearly time barred, dismissal with prejudice is appropriate. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016, 1020 (8th Cir. 2004) (affirming dismissal with prejudice when complaint showed statute of limitations had run). Here, U.S. Bank correctly notes that dismissal of the TILA claims should be with prejudice on this basis.[8] *See* Doc. 48 at 10. As explained above, the applicable one-year statute of

---

[8] U.S. Bank also asks the Court to dismiss the entire case with prejudice because "no artful pleadings can save the patently meritless sovereign citizen claims found in Plaintiff's Complaint." Doc. 48 at 10. Because there is sufficient basis to dismiss this action otherwise, the Court will not address the argument that the action should be dismissed because Germany is advancing sovereign citizen arguments. *See id.* at 4–6. This conclusion renders moot Germany's motion to strike the allegations that she is a sovereign citizen. *See* Doc. 59.

8

limitations has run. Because no amount of pleading will correct this deficiency, the Court will dismiss the TILA claim with prejudice.

Finally, the Court will apply the dismissal to CSM Foreclosure too. Germany's only federal cause of action is against CSM Foreclosure is the TILA claim. *See* Doc. 1-1 at 8–9. Although "a court ordinarily may not exercise power over a [unserved] party, . . . [c]ourts frequently extend the rationale utilized to dismiss served defendants to unserved defendants where [as here] the reasons for dismissal are applicable to the unserved parties." *Smith v. Barnett*, No. 4:20-CV-4066, 2020 WL 6205760, at *7 (D.S.D. Oct. 22, 2020) (collecting cases) (dismissing a case against served and unserved defendants when a plaintiff's claim was time barred). As noted above, Germany's TILA claim is time barred. As such, dismissal of the TILA claim against CSM Foreclosure is also appropriate at this juncture, both to conserve judicial resources and the resources of Germany.[9]

Because there are no federal causes of action, and because complete diversity does not exist in this case, the Court must dismiss the entirety of the action.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants DAS Acquisition's [40] and U.S. Bank's [47] motions to dismiss and **DENIES** Plaintiff Latrell S. Germany's [15] Motion to Reconsider Filing Fee or Request Refund Due to Financial Hardship. Further, the Court **DENIES** as moot Germany's [14] Renewed Motion to Appoint Limited-Scope Counsel for Common Law,

---

[9] In any event, the Court would dismiss CSM Foreclosure under Rule 4(m). The Court already cautioned Germany that she was required to serve all defendants in this case by December 28, 2025. *See* Doc. 13 at 4–5. However, the summons against CSM Foreclosure was returned unexecuted because the address Germany provided does not accept service of process as of July 2025. *See* Doc. 27. She then repeated claims that she provided alternative service through email to CSM Foreclosure and that this "method[] [was] executed in good faith and in accordance [with] applicable rules governing alternative service after refusal." *See, e.g.*, 33 at 1. But the emails she provided appear to be sent to general email addresses with no specific person assigned to them. Under Missouri law, Germany was required either to show that CSM Foreclosure acknowledged the email or she needed to provide at least the "[n]ame of each person served." Mo. Sup. Ct. R. 43.01(e)(1). She has failed to meet that requirement. Thus, the Court would reach the same conclusion that CSM Foreclosure should be dismissed on this alternative basis.

9

Procedural Rules, and Constitutional Protection; [19] Motion of Proof of Claim and Extension of Beneficiary Interest to all Estate-Held Accounts; [22] Motion to Intervene and Assert Claim of Trust Interest; [24] Motion to Clarify Statement Regarding Representation; [29] Emergency Combined Motion to Compel Disclosure and Production; [32] Emergency Motion for Permeant Injunction, Declaratory Judgment, and Rescission; [44] Motion for Entry of Default Judgment; [59] Motion to Strike; [65] Emergency Motion for Status Update on Unanswered Motions; and [67] Emergency Motion for Judicial Disclosure, Court Seal, and Case-Related Securities, as well as U.S. Bank's [51] and DAS Acquisition's [61] motions for a discovery stay. Finally, the Court **DISMISSES** the entire action against DAS Acquisition, U.S. Bank, and CSM Foreclosure with prejudice as to the Truth in Lending Act Claim and directs the Clerk of Court to close this case.

So ordered this 21st day of January 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE