UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATRELL S. GERMANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-748-ZMB |
| | ) | |
| DAS ACQUISITION COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a bevy of motions Plaintiff Latrell S. Germany filed after the Court dismissed this case. The first set includes her Motion for Reconsideration and to Alter or Amend Judgment under Rules 59(e) and 60(b). Docs. 71, 76. The next three are miscellaneous motions to supplement the factual record, request transcripts, and an "Emergency Motion for Enforcement of Escrow Obligations." Docs. 72, 79, 80. Finally, Germany seeks leave to proceed in forma pauperis on appeal. Doc. 78. Because she fails to identify any valid basis for reconsideration, the Court denies that request. Further, the Court denies her motion to supplement as moot, her request for transcripts because there are none to provide, and her "emergency" motion as moot. Finally, because Germany's application to proceed in forma pauperis does not contain the required information, the Court denies that request without prejudice.

## LEGAL STANDARD

A party may move to alter or amend the Court's judgment within 28 days of entry. FED. R. CIV. P. 59(e). A motion to amend or alter a judgment under Rule 59(e) "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). However, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Additionally, a party may move to be relieved from a judgment or order. FED. R. CIV. P. 60(b). Relief may be warranted due to mistake, newly discovered evidence, fraud, instances where the judgment is void or satisfied, and for "any other reason that justifies relief." *Id.* "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Richmond v. Bullock*, No. 4:25-CV-367-SNLJ, 2025 WL 2532206, at *2 (E.D. Mo. Sept. 3, 2025) (quoting *U.S. Xpress Enters. v. J.B. Hunt Transp.*, 320 F.3d 809, 815 (8th Cir. 2003)).

**DISCUSSION**

## I.   Motions Under Rules 59(e) and 60(b)

Germany's first set of motions seeks to convince this Court alter or amend its prior order of dismissal.[1] *See* Docs. 71, 76. Of her myriad claims, only two are pertinent to this request. First, Germany takes issue with the Court's ruling on her Truth in Lending Act (TILA) claim. Second, Germany asserts that the Court incorrectly determined that Defendant CSM Foreclosure Trustee's presence in the suit defeats diversity jurisdiction. Neither argument has merit.

### a.  *Claims Relating to TILA*

Germany first takes exception to the ruling on her TILA claim. The Court previously found that this claim was time barred and that recission was not an available remedy. Doc. 70 at 6–7. Germany now "clarifies" that she also brought a TILA recission claim. Doc. 71 at 3. But the Court already rejected that argument in its dismissal order. Motions under Rules 59(e) and 60(b) are not a vehicle to relitigate the same issues of law by other means. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (Rule 59(e)); *Design Basics v. Spahn & Rose Lumber Co.*, 2021 WL 7186126, at *2 (N.D. Iowa May 11, 2021) ("Nor does Rule 60(b) permit a party to rehash previously raised arguments."). As such, her argument is no basis to alter or grant relief from dismissal.

---

[1] Germany filed the first of her motions for reconsideration before she filed her notice of appeal. Although the filing of a notice of appeal typically divests a district court of jurisdiction, *see Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996), a "notice of appeal lies dormant" when "filed after a judgment but before a district court has had an opportunity to rule on a pending tolling motion," such as a motion under Rules 59(e) or 60(b), *MIF Realty L.P. v. Rochester Assoc.*, 92 F.3d 752, 755 (8th Cir. 1996) (quotation omitted). As such, the Court retains jurisdiction to rule on the pending motions.

Motions to reconsider are also not a vehicle to raise new legal theories. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Germany now claims that the one-year statute of limitations should be equitably tolled because "Defendants fraudulently concealed the true nature of the 'Note' and the 'Holder in Due Course' status." *See* Doc. 71 at 2. Defendants DAS Acquisition and U.S. Bank both noted previously that Germany's suit was time barred, *see* Doc. 41 at 4–5; Doc. 48 at 7, but Germany never adequately raised the issue of equitable tolling, *see* Docs. 45, 51, 58.[2] Her failure to advance this argument previously is not a reason to disturb the weighty principle of finality. *See Sharp v. Long*, 2020 WL 4201262, at *2 (D.S.D. July 22, 2020) (rejecting motions under Rules 59(e) and 60(b) that requested equitable tolling for the first time). As such, the Court will not alter its order on this basis.

### b. *Claims Regarding Jurisdiction*

Next, Germany believes the Court erred when it found it lacked jurisdiction over her state law claims. Germany first suggests that "CSM . . . is a nominal party whose citizenship should be disregarded for the purposes of diversity jurisdiction." Doc. 71 at 2–3. Germany is correct that "[t]he presence of a nondiverse party who is 'nominal' may be ignored in determining whether diversity jurisdiction exists." *Slater v. Republic-Vanguard Ins.*, 650 F.3d 1132, 1134 (8th Cir. 2011) (citation omitted). But there is no reason to believe CSM is a nominal party. Germany sought relief against CSM, including naming it as part of her TILA and "wrongful foreclosure" claims. *See* Doc. 1-1 at 8–9. And she continues to pursue claims against it. Indeed, she adds new facts regarding CSM's misdeeds, including that it committed actions that violated "Federal Due Process and the Fair Debt Collection Practices Act," Doc. 71 at 2—consistent with the Complaint's allegation that CSM "filed a fraudulent foreclosure action against Plaintiff's property, depriving one of due

---

[2] In any event, Germany has failed to adequality show why she would be entitled to equitable tolling for her TILA damages suit. Even her allegations of "concealment" do not rectify the underlying issue: Germany has failed "to identify what contract terms were not disclosed." Doc. 70 at 6. The "true nature of the 'Note' and the 'Holder in Due Course,'" Doc. 71 at 2, are not only nonsensical statements, but they have nothing to do with a required disclosure under TILA, *see Loudermilk v. Rushmore & Mr. Cooper*, No. 4:24-CV-1360-MTS, 2025 WL 3280296, at *5 (E.D. Mo. Nov. 25, 2025) (citing the elements of a TILA claim). While the Court has labored to give Germany every benefit of the doubt, as required for pro se plaintiffs, her arguments cannot be saved through liberal construction alone.

process, violating privacy rights, engaging in harassment and misrepresentation," Doc. 1-1 ¶ 14. Nominal parties are, by definition, "those against whom no relief is sought." *Seoul Taco Holdings v. Cincinnati Ins.*, No. 4:20-CV-1249 RLW, 2020 WL 7389388, *1 (E.D. Mo. Dec. 16, 2020) (quotations omitted). Because Germany seeks relief against CSM, its citizenship cannot be ignored.

In the alternative, Germany claims that the Court got CSM's citizenship wrong. For diversity-jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While Germany argues that CSM's "nerve center" is located in Illinois, Doc. 76 at 2, she ignores CSM's state of incorporation. According to records with the Missouri Secretary State's office, CSM's state of incorporation is Missouri.[3] Thus, CSM and Germany are both citizens of Missouri, destroying complete diversity. Because this Court lacks jurisdiction over Germany's suit, the Court will not alter its dismissal.

## II.   Other Miscellaneous Motions

Germany made other requests since her Rules 59(e) and 60(b) motions. First, she moved to "Amend Previous Statement and Supplement Factual Record." Doc. 72. The additional information includes factual and legal allegations relating to CSM and its obligations under Missouri law. *Id.* at 1–3. But the supplement has no bearing on reconsideration, so the Court denies the motion as moot. Second, Germany requests a transcript of "[a]ny and all status conferences, motion hearings, or chambers-recorded rulings" made during the pendency of this case. Doc. 79 at 4. However, there were no conferences or hearings held in this case, and all rulings have been made by written order available on the public docket. Therefore, this motion is likewise denied as moot. Finally, Germany filed an "Emergency Motion for Enforcement of Escrow Obligations." Doc. 80. Because this case is dismissed, the Court also denies that motion as moot.

---

[3] *See* Missouri Business Filings – CSM Foreclosure Trustee Corporation, OFFICE OF THE MISSOURI SECRETARY OF STATE, https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?ID=1838710&page=beSearch (last visited Apr. 23, 2026).

**III.    Motion to Proceed in Forma Pauperis on Appeal**

Finally, Germany moves to proceed in forma pauperis (IFP) on appeal, which the Court must deny at this time. A litigant seeking to proceed IFP on appeal must file the motion in the district court where the action originated. *See* FED. R. APP. P. 24(a)(1). As part of such requests, the appellant "must attach an affidavit that . . . shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay . . . [and] state[] the issues that the party intends to present on appeal." *Id.* While the Court is inclined to grant Germany IFP status to purse her appeal, her self-made affidavit fails to include all of the information in Form 4, including the issues she intends to present on appeal. *See id.* The Court will provide Germany a copy of Form 4 to complete and return if she wishes to renew her request for leave to proceed IFP.

**CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff Latrell S. Germany's [71] Motion for Reconsideration and [76] Motion to Reconsider Regarding Diversity Jurisdiction and Clarification of Defendant CSM Trustee Corp.'s Citizenship. Further, the Court **DENIES** as moot her [72] Motion to Amend Previous Statement and Supplement Factual Record, [79] Motion Requesting Transcripts, and [80] Emergency Motion for Enforcement of Escrow Obligations. Finally, the Court **DENIES** without prejudice Germany's [78] Motion for Leave to Proceed in Forma Pauperis on Appeal.

The Clerk of Court is directed to send Germany a copy of Form 4 of the Appendix of Forms: Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis. The Clerk is also directed to transmit the notice of appeal, Doc. 77, to the Eighth Circuit Court of Appeals.

So ordered this 24th day of April 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE